Matter of Linn (2018 NY Slip Op 04856)





Matter of Linn


2018 NY Slip Op 04856


Decided on June 28, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rosalyn H. Richter,Justice Presiding,
Angela M. Mazzarelli
Troy K. Webber
Marcy L. Kahn
Cynthia S. Kern,Justices.


M-1610, M-1846

[*1]In the Matter of Kenneth Linn, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Kenneth Linn, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Kenneth Linn, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 23, 1968.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Hon. Barry Kamins (ret.) for respondent.



PER CURIAM


Respondent Kenneth Linn was admitted to the practice of law in the State of New York by the First Judicial Department on December 23, 1968. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee commenced this disciplinary proceeding by a petition of charges dated March 29, 2018 (Judiciary Law § 90[2], Rules for Attorney Discipline Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of violating the Rules of Professional Conduct (22 NYCRR 1200.00) rules 1.2(d), 1.7(a)(2) and 8.4(b) and (h) stemming from his purchase of heroin from a client on multiple occasions while representing him on a drug possession and sale case.
The Committee and respondent agree on the stipulated facts, including the misconduct itself and factors in mitigation, and on the discipline. The parties now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent and request the imposition of a one-year suspension and that respondent participate in the Lawyer's Assistance Program for a period of one year, with both to run concurrently.
Respondent's misconduct and extensive disciplinary record

are quite serious. However, in light of the significant factors in mitigation, including respondent's advanced age, cooperation with the Committee, acceptance of responsibility, expressions of remorse and the fact that he voluntarily met with the Lawyer's Assistance Program in September 2017 and tested negative for heroin, coupled with the fact that his misconduct appears to be linked to his lapse in sobriety, and that he had a long period of sobriety until his poor health resulted in such intense pain that he purchased drugs from his client, the Committee and respondent agree that a one-year suspension is appropriate.
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is suspended from the practice of law in the State of New York for a period of one year and until further order of this Court and is directed to participate in the Lawyer's Assistance Program for one year, with both to run concurrently. The Committee's separately filed petition of charges should be denied as moot.
All concur.
Order filed. June 28, 2018
Ordered that the joint motion for discipline on consent is granted, respondent is suspended from the practice of law in the State of New York for a period of one year, effective the date hereof and he is directed to participate in the Lawyer's Assistance Program for one year, both to run [*2]concurrently
(M-1846); and the Committee's petition of charges is denied as moot (M-1610).